**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| V.G., | Civil Action No. 21-19757 (SRC) |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff V.G. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning May 22, 2018. A hearing was held before ALJ Hilton R. Miller (the "ALJ") on January 13, 2021, and the ALJ issued an unfavorable decision on February 16, 2021. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of February 16, 2021, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain additional exertional and nonexertional limitations. At step four, the ALJ also found that Plaintiff is unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff has not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with two arguments: 1) at step three, the ALJ erred by failing to consider Listing 12.06; and 2) at step four, "even those incorrectly obtained findings are not incorporated into the mental RFC." (Pl.'s Br. at 6.)

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is

2

harmful normally falls upon the party attacking the agency's determination." Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.  At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability.  In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

Plaintiff's appeal rests on a series of arguments which contend, generally, that the ALJ failed to do something that the law requires.  The problem for Plaintiff, however, in one word, is: Shinseki.  It is not enough to show the presence of an error.  Pursuant to Shinseki, Plaintiff bears the burden of proving that she was harmed by this error.  Plaintiff's brief, however, fails to recognize this.  Instead of demonstrating that any alleged error was material and prejudicial, Plaintiff argues only that the ALJ erred.  At steps three and four, Plaintiff bears the burden of proof of disability; on appeal, Shinseki requires, additionally, that Plaintiff show that an error was harmful.  None of Plaintiff's arguments are even directed to satisfying the requirements of Shinseki.  Since Plaintiff, on appeal, must demonstrate that an error was harmful, but has failed to do so, the Court concludes that Plaintiff has not satisfied the requirements of Shinseki.

Plaintiff argues that, at step three, the ALJ erred by failing to consider Listing 12.06.  As just explained, Shinseki requires Plaintiff to show both that the ALJ erred and that the error was harmful.  Here, Plaintiff has failed to articulate the basis for a decision in her favor as to Listing 12.06.  While Listing 12.04, which the ALJ discussed, and Listing 12.06 have the same B and C criteria, they differ as to the A criteria.  Listing 12.06 states:

3

12.06 Anxiety and obsessive-compulsive disorders, satisfied by A and B, or A and C:

A. Medical documentation of the requirements of paragraph 1, 2, or 3:

1. Anxiety disorder, characterized by three or more of the following;

a. Restlessness;
b. Easily fatigued;
c. Difficulty concentrating;
d. Irritability;
e. Muscle tension; or
f. Sleep disturbance.

2. Panic disorder or agoraphobia, characterized by one or both:

a. Panic attacks followed by a persistent concern or worry about additional panic attacks or their consequences; or
b. Disproportionate fear or anxiety about at least two different situations (for example, using public transportation, being in a crowd, being in a line, being outside of your home, being in open spaces).

3. Obsessive-compulsive disorder, characterized by one or both:

a. Involuntary, time-consuming preoccupation with intrusive, unwanted thoughts; or
b. Repetitive behaviors aimed at reducing anxiety.

AND

B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:

1. Understand, remember, or apply information.
2. Interact with others.
3. Concentrate, persist, or maintain pace.
4. Adapt or manage oneself.

OR

C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:

> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder; and
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life.

As Listing 12.06 states, a claimant may meet the requirements of the Listing by meeting both the A and the B criteria or, alternatively, meeting both the A and the C criteria. Either way, a claimant must meet the A criteria. Here, Plaintiff has made no demonstration that she meets the A criteria. Absent such a demonstration, even if this Court agreed that the ALJ erred by failing to consider Listing 12.06, this Court cannot conclude that Plaintiff was harmed by that error. Absent a demonstration that Plaintiff meets the requirements of Listing 12.06(A), this Court cannot find that Plaintiff was prejudiced by the ALJ's failure to consider Listing 12.06. Instead, because Plaintiff has not made the showing of harm required by <u>Shinseki</u>, it can be no more than harmless error.

The Court need not review the ALJ's determination at step three that Plaintiff did not meet the requirements of Listing 12.04 because Plaintiff does not contend that she meets the requirements of that Listing; the brief refers to Listing 12.04 as "the wrong listing." (Pl.'s Br. at 18.)

In a subheading, Plaintiff also argues generally that "even those incorrectly obtained findings are not incorporated into the mental RFC." (Pl.'s Br. at 6.) The brief does not, however, sufficiently develop or explain that argument, and this Court cannot consider it without some supporting explanation about what specific limitation was omitted from the RFC and what evidence of record supports its inclusion. At step four, the ALJ formulated an RFC that includes specific nonexertional limitations. Plaintiff does not articulate a basis for this Court to

5

conclude that these nonexertional limitations are not supported by substantial evidence.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that Plaintiff was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                                              s/ Stanley R. Chesler
                                                             STANLEY R. CHESLER, U.S.D.J.

Dated: July 15, 2025