**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| V.G., | Civil Action No. 21-19757 (SRC) |
| Plaintiff, |  |
|  | **OPINION & ORDER** |
| v. |  |
| COMMISSIONER OF SOCIAL SECURITY, |  |
| Defendant. |  |

**CHESLER, District Judge**

This matter comes before the Court on the motion for reconsideration by Plaintiff V.G. ("Plaintiff") of the Opinion and Order, filed July 15, 2025, which affirmed the final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner has opposed the motion. For the reasons that follow, the motion will be denied.

"A motion for reconsideration requires the movant to show (1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or prevent manifest injustice." Gibson v. State Farm Mut. Auto. Ins. Co., 994 F.3d 182, 190 (3d Cir. 2021); L. Civ. R. 7.1(i).

Plaintiff does not argue that there has been an intervening change in controlling law, nor that new evidence is available. Instead, Plaintiff appears to rely on two arguments: 1) the Court erred in regard to the paragraph A criteria for Listing 12.04; and 2) there is "a point of disconnect between plaintiff's understanding of harmless error and that of the Court." (Pl.'s Br. at 3.)

1

As to the first point, Plaintiff acknowledges that the ALJ's written decision does not discuss the paragraph A criteria for Listing 12.04: "the decision silently declares that the A criteria aren't even in play since they aren't mentioned at all." (Pl.'s Br. at 2.) Plaintiff argues that this constitutes a tacit admission by the Commissioner that the claimant meets the A criteria for Listing 12.04. The Court find no evidence to support the inference that the Commissioner tacitly admitted that the claimant meets the A criteria for Listing 12.04. The Court did not err in taking that silence at face value.

As to the second point, the gist of Plaintiff's argument is as follows:

> the Court held that an Opinion of the United States Supreme Court must be interpreted as compelling plaintiff to fix this mess by showing that it wasn't at all harmful to consider the wrong listing unless plaintiff could prove that she met the right listing.

(Pl.'s Br. at 4.) The problem for Plaintiff is that Plaintiff makes no attempt to show that this Court has misunderstood Shinseki, and has offered no basis for this Court to reconsider its understanding of that case.[1] In the Opinion filed July 15, 2025, this Court quoted Shinseki: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination. . . [T]he claimant has the 'burden' of showing that an error was harmful." Shinseki v. Sanders, 556 U.S. 396, 409-10 (2009). In Shinseki, the Supreme Court then presented the following analysis:

> To say that the claimant has the 'burden' of showing that an error was harmful is not to impose a complex system of 'burden shifting' rules or a particularly onerous requirement. In ordinary civil appeals, for example, the appellant will point to rulings by the trial judge that the appellant claims are erroneous, say, a ruling excluding favorable evidence. Often the circumstances of the case will make clear to the appellate judge that the ruling, if erroneous, was harmful and

---

[1] Moreover, there is a body of law on the application of the "harmless error" rule, but Plaintiff has not referenced it.

> nothing further need be said. But, if not, then the party seeking reversal normally must explain why the erroneous ruling caused harm. If, for example, the party seeking an affirmance makes a strong argument that the evidence on the point was overwhelming regardless, it normally makes sense to ask the party seeking reversal to provide an explanation, say, by marshaling the facts and evidence showing the contrary. The party seeking to reverse the result of a civil proceeding will likely be in a position at least as good as, and often better than, the opposing party to explain how he has been hurt by an error.

Id. at 410.

The Commissioner's brief in opposition to Plaintiff's appeal argued that, at step three, Plaintiff did not meet the requirements for either Listing 12.04 or Listing 12.06. (Def.'s Opp. Br. at 12.) Plaintiff did not file any brief in reply. As this Court's Opinion, filed July 15, 2025, stated, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Because, at step three, Plaintiff bore the burden of proof that she met the requirements for Listing 12.06, and because Plaintiff's brief did not marshal the facts and evidence supporting this, this Court considered the Commissioner to have made a strong argument that Plaintiff had not been prejudiced by the ALJ's failure to discuss Listing 12.06. Given this, the Court turns to the Supreme Court's advice in Shinseki: "it normally makes sense to ask the party seeking reversal to provide an explanation, say, by marshaling the facts and evidence showing the contrary." Shinseki, 556 U.S. at 410. Plaintiff did not file a reply brief. At no point in this case has Plaintiff marshaled the facts and evidence showing that the evidence of record demonstrates that she meets the requirements for Listing 12.06. Thus, as this Court previously ruled, Plaintiff did not satisfy Shinseki's requirement that she carry the burden of proving that the alleged error was harmful to her.

The Court concludes that the Opinion and Order filed July 15, 2025 correctly applied

Shinseki to this case.   Plaintiff has failed to persuade that this Court made a clear error of law, and the motion for reconsideration will be denied.

For these reasons,

**IT IS** on this 17th day of September, 2025,

**ORDERED** that Plaintiff's motion for reconsideration (Docket Entry No. 24) is **DENIED**.

 s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.